**CHRISTENSEN JAMES & MARTIN**
DARYL E. MARTIN, ESQ.
Nevada Bar No. 06735
WESLEY J. SMITH, ESQ.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND; NORTHERN NEVADA PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING TRUST; PAINTERS AND ALLIED TRADES LABOR-MANAGEMENT COOPERATION FUND; PAINTERS HOLIDAY AND VACATION FUND; STAR PROGRAM, INC., IUPAT FINISHING TRADES INSTITUTE, each acting by and through their designated fiduciary, Todd Koch; INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES INDUSTRY PENSION TRUST FUND, acting by and through its designated fiduciary, Gary J. Meyers,<br><br>Plaintiffs,<br><br>vs.<br><br>DA VINCI INTERIORS, LLC d/b/a RENAISSANCE DRYWALL, a Nevada limited liability company; CHRISTOPHER KIMES, individually; GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; PELLETT CONSTRUCTION, LLC, a Nevada limited liability company; JOHN DOES I-X, inclusive; ROE ENTITIES I-X, inclusive,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT, INJUNCTIVE RELIEF, PERSONAL LIABILITY, BREACH OF FIDUCIARY DUTY, GENERAL CONTRACTOR LIABILITY [N.R.S. 608.150] AND DEMAND FOR RELIEF ON BONDS [NRS 624.273]**<br><br>Date: N/A<br>Time: N/A |

COME NOW the above-named Plaintiffs, the Employee Painters' Trust Health & Welfare Fund, Northern Nevada Painters and Allied Trades Joint Apprenticeship and Training Trust, Painters and Allied Trades Labor-Management Cooperation Fund, Painters Holiday and

Vacation Fund, Star Program, Inc. and IUPAT Finishing Trades Institute, each acting by and through their designated fiduciary, Todd Koch, and the International Union of Painters and Allied Trades Industry Pension Trust Fund, acting by and through its designated fiduciary, Gary J. Meyers, ("Plaintiffs" or "Trust Funds"), and by and through their attorneys, Christensen James & Martin, and for their causes of action against the above-named Defendants, complain, assert and allege as follows:

**JURISDICTION & PARTIES**

1. This Court has jurisdiction of this case pursuant to § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)] and § 502(e) of the Employee Retirement Income Security Act of 1974, as amended [29 U.SC. § 1132(e)(1)]. Pursuant to 28 U.S.C. § 1367, this Court has ancillary jurisdiction over any secondary causes of action.

2. The Trust Funds are express trusts created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Painters and Allied Trades, District Council 16, Painters Union Local No. 567 (hereinafter "Union") and the employers who have executed Master Agreements and/or Collective Bargaining Agreements with the Union, including Da Vinci Interiors, LLC dba Renaissance Drywall. The Trust Funds were created and now exist pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)].

3. At all times material herein, the Union has been a labor organization representing employees in the painting, drywall and decorating industries in Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)].

4. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Da Vinci Interiors, LLC dba Renaissance Drywall ("Renaissance") was a Nevada limited liability company authorized to and was doing business as a contractor in the State of Nevada.

5. The Plaintiffs are informed, believe and thereon allege that Renaissance was formally dissolved on April 1, 2010 and its Nevada State Contractor's license was suspended and not renewed on March 31, 2010.

6. Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant Christopher Kimes ("Kimes") has resided in and is a citizen of the State of Nevada.

7. Plaintiffs are informed, believe and thereon allege that at all times material herein Defendants Kimes and John Does I-X are members, managers, officers, agents and/or individuals whose employment duties with Renaissance required decision making regarding the payment of funds and monies to the Trust Funds.

8. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendants Kimes and John Does I-X were controlling members, managers, officers, principals and key employees of Renaissance.

9. Plaintiffs are informed, believe and thereon allege that at all times material herein Defendant Great American Insurance Company ("GAIC") was and is an Ohio corporation authorized to do business in Nevada as a surety.

10. Plaintiffs are informed, believe and thereon allege that GAIC issued to Renaissance GAIC's Surety Bond No. FS1376012 in the amount of Fifteen Thousand Dollars ($15,000.00) ("Bond").  The Trust Funds believe that additional bonds may have been issued by GAIC or other insurance/bonding companies to Renaissance or its general contractors.  The Trust Funds reserve the right to amend the Complaint to insert additional charging allegations against such other bonds and/or companies that issued them.

11. Plaintiffs are informed, believe and thereon allege that the delinquencies identified herein are properly payable out of the proceeds of the Bond.

12. Plaintiffs are informed, believe and thereon allege that Defendant Pellett Construction, LLC ("Pellett") was and is a Nevada limited liability company authorized to and is doing business as a contractor in the State of Nevada.

13. The true names and capacities, whether partnership, individual, corporate, company, associate or otherwise of John Does I-X, inclusive, and Roe Entities I-X, inclusive, are unknown to the Trust Funds at this time and said Defendants are therefore sued by fictitious names. The Trust Funds reserve the right to amend the Complaint to insert additional charging allegations, together with the true identities and capacities, when the same have been ascertained.

**FIRST CAUSE OF ACTION**
[Breach of Contract - 29 U.S.C. § 1145 – Renaissance, Kimes, Does I-X and Roes I-X]

14. Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 through 13, as though set forth hoc verba.

15. Renaissance executed and delivered a certain Collective Bargaining Agreement ("CBA") to the Union whereby Renaissance agreed to be bound by the terms and conditions of the CBA. Renaissance also agreed to be bound by the terms and provisions of each of the Trust Agreements utilized to create the Trust Funds. The Trust Funds are intended beneficiaries of the CBA and the Trust Agreements.

16. At all times relevant herein, Renaissance has been obligated to the terms and provisions of the CBA and the Trust Agreements.

17. At all times material herein, Renaissance was obligated by the terms of the CBA and the Trust Agreements to submit written reports to the Trust Funds on a timely basis showing the identities of employees performing work covered by the CBA, and the number of hours worked by or paid to these employees. Further, Renaissance promised that it would pay fringe benefit contributions to the Trust Funds on a monthly basis and at specified rates for each hour worked by or paid to its employees covered by the CBA. At all times material herein, Renaissance was obligated to submit said monthly reports and pay said contributions to the Trust Funds at their administrative offices on or before the first (1st) day and are delinquent as of the twentieth (20th) day following each successive work month.

18. According to the CBA, Trust Agreements and applicable law, Renaissance must permit the Trust Funds and their agents to conduct compliance audits of its payroll and related

records in order to determine the exact amount of fringe benefit contributions and contract damages due and owing to the Trust Funds.

19. The Plaintiffs caused an Audit to be performed on Renaissance's payroll records for the period of November 1, 2007 through August 31, 2009 ("Audit Period").

20. The Plaintiffs are informed, believe and thereon allege that Renaissance failed to pay certain fringe benefit contributions and/or contract damages, plus accruing interest, liquidated damages, attorney's fees and costs as required by the CBA and Trust Agreements during the Audit period. The Plaintiffs are informed, believe and thereon allege that Renaissance is delinquent to the Trust Funds for unpaid contributions ($49,767.37), plus accrued interest ($8,590.98), liquidated damages ($8,590.98), attorney's fees ($2,423.70) and audit costs ($3,016.75), for a total delinquency of $72,389.78 ("Renaissance Delinquency").

21. The Trust Funds are entitled to obtain project and general contractor specific payroll information necessary to complete the Audit, yet Renaissance has failed and refused to provide such information to the Trust Funds' Auditor.

22. By the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2), Renaissance agreed to be and was deemed contractually delinquent when Renaissance failed to remit reports and pay contributions and/or other contract damages when due. Renaissance is delinquent to the Trust Funds and is obligated by the CBA and/or Trust Agreement to pay the Trust Funds liquidated damages and interest on the amounts due. The Trust Funds allege that liquidated damages and interest are due to the Trust Funds by Renaissance in an amount to be established by proof at trial herein.

23. By the CBA and Trust Agreements, Renaissance also agreed that in the event of delinquency, it would pay all court costs and/or audit costs incurred in connection therewith, whether before or after litigation is commenced.

24. It has been necessary for the Trust Funds to engage the law firm of Christensen James & Martin to collect any and all amounts due. Pursuant to the CBA, Trust Agreements and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover their reasonable attorney's fees.

25. Pursuant to 29 U.S.C. § 1132(g)(2), Renaissance owes the Trust Funds accrued interest at the rates established pursuant to 26 U.S.C. § 6621 on all unpaid contributions and damages from the dates the sums were originally due to the Trust Funds and thereafter, until paid in full. The amount of said interest will be established by proof at trial.

26. Plaintiffs are informed, believe and thereon allege that at all times material herein Defendants Renaissance, Kimes, John Does I-X and Roe Entities I-X, and each of them, were the agent, partner, employee and/or alter-ego of each other, and in doing the things herein alleged, were acting within the course and scope of said agency, partnership or relation, with the permission and consent of their co-defendants, and that each of them were working as a single entity and enterprise.

27. The Trust Funds are entitled to recover from Defendants Renaissance, Kimes, John Does I-X and Roe Entities I-X a sum equal to the Renaissance Delinquency, including any and all unpaid fringe benefit contributions discovered in the audit, plus accruing interest, liquidated damages, attorney's fees, costs of suit and audit costs.

## SECOND CAUSE OF ACTION

[Injunctive Relief -29 U.S.C. § 1132(a)(3) – Renaissance, Kimes, Does I-X and Roes I-X]

28. Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 through 27, as though set forth hoc verba.

29. The Defendants' actions in failing to submit reports, pay required contributions and provide project and general contractor specific payroll information to the Trust Funds' Auditor, as described herein, constitute violations of ERISA [29 U.S.C. § 1001 et seq.].

30. The contract breaches and violations of ERISA identified above harm the Trust Funds and place at risk the Trust Funds' ability to provide required employee benefits to their beneficiaries.

31. The Plaintiffs' remedies at law are not sufficient to adequately compensate the Trust Funds or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by similar future violations.

32. Plaintiffs are likely to prevail on the merits of their claims.

33. Plaintiffs are entitled to injunctive relief affirmatively compelling Defendants to provide project and general contractor specific payroll information for the completion of the Audit and to report and pay Plaintiffs all past due contributions and related damages.

### THIRD CAUSE OF ACTION
[Personal Liability - CBA and Trust Agreements – Kimes]

34. Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 through 33, as though set forth hoc verba.

35. At all times material herein, Defendant Kimes became personally bound to the terms of the CBA and related Trust Agreements when he executed the CBA with the Union:

> Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g).

Employee Painters Trust Amended and Restated Trust Agreement, Art. VIII, pp. 24-25.

36. Defendant Kimes is personally liable under the CBA and related Trust Agreements for all unpaid fringe benefit contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees, costs of suit and audit costs.

37. The Trust Funds are entitled to recover from Kimes a sum equal to the Renaissance Delinquency in an amount to be established by proof at trial.

### FOURTH CAUSE OF ACTION
[Breach of Fiduciary Duty - 29 U.S.C. §§ 1002, 1104, 1109, 1132 – Kimes, Does I-X and Roes I-X]

38. Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 through 37, as though set forth hoc verba.

39. Defendants Kimes and one or more of the DOE and ROE Defendants ("Fiduciary Defendants") exercised authority and control relating to the management or disposition of Trust

-7-

Fund assets established pursuant to the terms and provisions of the CBA, Trust Agreements and 29 C.F.R. § 2510.3-102:

> "Employer Contributions" shall mean payments made or that are required to be made to the Fund, including amounts owed but not yet paid . . . . All such Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue, whether or not such Employer Contributions are collected or received by the Fund.

IUPAT Industry Pension Fund Restated Agreement and Declaration of Trust, Art. I, Sec. 10.

40. Fiduciary Defendants are fiduciaries to the Trust Funds for purposes of ERISA.

41. The actions of Fiduciary Defendants in failing to make required contributions to the Trust Funds materially harmed the Trust Funds, placed the beneficiaries of the Trust Funds at risk with regard to their benefits and constitute a breach of their respective fiduciary duties to the Trust Funds and their beneficiaries.

42. The Trust Funds are entitled to recover from Fiduciary Defendants a sum equal to the Renaissance Delinquency in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
[General Contractor Liability – N.R.S. 608.150 – Pellett, Does I-X and Roes I-X]

43. Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 though 42, as though set forth hoc verba.

44. Upon information and belief, Renaissance contracted with Pellett and one or more Doe or Roe Defendants ("General Contractors") to perform covered labor on various projects ("Projects"). The General Contractors have received the benefit of the covered labor provided on their Projects by Renaissance employees, but have not paid the Trust Funds the fringe benefit contributions owed for said labor. Consistent with Paragraph 13 of this Complaint, Plaintiffs will seek to amend this Compliant to insert the true identities and capacities of the Doe and Roe Defendants when the same have been ascertained.

-8-

45.     Pursuant to N.R.S. 608.150, each General Contractor, as the originating or general contractor for each Project, is liable for the indebtedness of Renaissance owed to the Trust Funds for covered labor performed on each Project, which indebtedness has not been paid.

46.     The General Contractors are liable to the same extent as Renaissance, including, but not limited to, the principal contributions, interest, liquidated damages, attorney's fees, court costs and audit costs.

### SIXTH CAUSE OF ACTION
[Demand for Relief on Bonds Pursuant to NRS 624.273 – GAIC and Roes I-X]

47.     Plaintiffs herein restate and reallege the allegations contained in Paragraphs 1 through 46, as though set forth hoc verba.

48.     GAIC and one or more of the Roe Defendants issued certain licensing, surety and/or payment performance bonds to Renaissance and the General Contractors (collectively "Bonds").

49.     The Bond proceeds are payable to the Trust Funds in satisfaction of any Renaissance Delinquency owed to the Trusts for covered labor by Renaissance employees.

50.     Plaintiffs are intended third party beneficiaries under the Bonds.

51.     Plaintiffs' claims, as set forth herein, are covered by the Bonds and GAIC and the Roe Defendants should pay any remaining Bond proceeds to Plaintiffs in partial satisfaction of the Trust Funds' claims asserted herein.

### PRAYER FOR RELIEF

WHEREFORE, the Trust Funds pray for Judgment against Defendants, and each of them, as follows:

1.      for the Court's Order compelling Defendants to deliver or make available to the Trust Funds' auditors all project and general contractor specific payroll information and documents necessary to permit the auditors to complete the Audit;

2. for the Court's Order enjoining Defendants from failing to fully cooperate with any audits deemed necessary and proper by the Plaintiffs, and failing to timely pay to the Trust Funds delinquent contribution amounts discovered by the audit;

3. For unpaid fringe benefit contributions in amounts to be proven at trial;

4. For damages for breach of contract and/or breach of fiduciary duty in an amount to be proven at trial;

5. For liquidated damages in an amount to be proven at trial;

6. For accrued interest on all unpaid contributions and damages from their due dates until paid in an amount to be proven at trial;

7. For Plaintiffs' audit costs in an amount to be proven at trial;

8. For Plaintiffs' reasonable attorney's fees;

9. For the Plaintiffs' costs of suit incurred herein;

10. For such additional relief as may be provided for by 29 U.S.C. § 1132(g); and

11. For such additional relief as this Court may deem just and proper.

Dated this 25th day of June, 2010.

CHRISTENSEN JAMES & MARTIN

By: /s/ Wesley J. Smith
Wesley J. Smith, Esq.
Nevada Bar No. 11871
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Plaintiffs*